**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

DENNIS BIRD, on behalf of himself
and all others similarly situated,

      Plaintiff,

vs

SUNBEAM CORPORATION, ALBERT J.
DUNLAP, RUSSELL A. KERSH, and
DONALD R. UZZI,

      Defendants.
_____/

JOSEPH FRANKEL, on behalf of himself
and all others similarly situated,

      Plaintiff,

vs

SUNBEAM CORPORATION, ALBERT J.
DUNLAP, RUSSELL A. KERSH, and
DONALD R. UZZI,

      Defendants.
_____/

GAYLE A. LIONELLI, et al.,

      Plaintiff,

vs

SUNBEAM CORPORATION, ALBERT J.
DUNLAP, RUSSELL A. KERSH, and
DONALD R. UZZI,

      Defendants.
_____/

Case No. 98-8258-CIV-MIDDLEBROOKS

FILED by _____ D.C.

JUN 17 1998

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

Case No. 98-8310-CIV-MIDDLEBROOKS

Case No. 98-8323-CIV-MIDDLEBROOKS



MARGIE GOLDBERG, on behalf                    Case No. 98-8260-CIV-MIDDLEBROOKS
of herself and all others similarly situated,

      Plaintiff,

vs

SUNBEAM CORPORATION, et al,

      Defendants.
_____/

FREDERICK LEMBECK, on behalf                  Case No. 98-8307-CIV-MIDDLEBROOKS
of himself and all others similarly situated,

      Plaintiff,

vs

SUNBEAM CORPORATION, et al,

      Defendants.
_____/

SUSAN MINTZ, on behalf                         Case No. 98-8281-CIV-MIDDLEBROOKS
of herself and all others similarly situated,

      Plaintiff,

vs

SUNBEAM CORPORATION, et al,

      Defendants.
_____/

RICK KLEWIN on behalf                          Case No. 98-8313-CIV-MIDDLEBROOKS
of himself and all others similarly situated,

      Plaintiff,

vs

SUNBEAM CORPORATION, et al,

      Defendants.
_____/

DAVID APPLESTEIN, on behalf
of himself and all others similarly situated,

     Plaintiff,

vs

SUNBEAM CORPORATION, et al,

     Defendants.

_____/

Case No. 98-8316-CIV-MIDDLEBROOKS

DAVID SINGLETON, on behalf
of himself and all others similarly situated,

     Plaintiff,

vs

SUNBEAM CORPORATION, et al,

     Defendants.

_____/

Case No. 98-8347-CIV-MIDDLEBROOKS

MARY LINDEMAN, on behalf
of herself and all others similarly situated,

     Plaintiff,

vs

SUNBEAM CORPORATION, et al,

     Defendants.

_____/

Case No. 98-8289-CIV-MIDDLEBROOKS

RAE CUTLER, on behalf
of herself and all others similarly situated,

     Plaintiff,

vs

SUNBEAM CORPORATION, et al,

     Defendants.

_____/

Case No. 98-8321-CIV-MIDDLEBROOKS

## CONSOLIDATION ORDER

This Cause comes before the Court on a *sua sponte* review of the abovementioned cases before this Court. The Court has reviewed the pertinent portions of the record and is otherwise fully informed in the premises.

Upon consideration, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The above actions pending in this Judicial District are hereby consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. These actions, and any actions which have been filed and may be filed and which are related and which may be consolidated herewith, are collectively referred to as "In re Sunbeam Securities Litigation."

2. A Master file is hereby established for the consolidated proceedings in the consolidated actions. The docket number for the master file shall be 98-8258-CV-MIDDLEBROOKS. The Original of this Order shall be filed by the Clerk in the Master File. The clerk shall mail or fax a copy of this Order to counsel of record in each of these consolidated actions.

3. A Master docket is hereby established for consolidated proceedings of the actions consolidated herein and for any related actions filed in or transferred to this court and consolidated herewith for all purposes (hereinafter "the consolidated actions.") Entries in the Master Docket shall be applicable to the consolidated actions as set forth more fully *infra*. The Clerk of the Court shall file all pleadings in any of the actions in the Master file and note such filings in the Master Docket. No further copies need be filed or docket entries made.

4. The terms of this Order shall not have the effect of making any person, firm, or corporation a party to any action in which he, she or it has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

5. If an action related to the same subject matter as these consolidated actions is hereafter filed in this Court or transferred from another Court, the Clerk of the Court shall file a copy of this Order in the separate file for such action; notify all counsel of record of the filing or transfer of such action; make an appropriate entry in the Master Docket, mail or fax to counsel of recording the newly filed or transferred case a copy of this Order; and

upon the first appearance of any new defendants, mail to the attorneys for the defendants in such newly filed or transferred case a copy of this Order. Pursuant to Local Rule 3.9(D), all counsel shall assist the Clerk of the Court by calling to the attention of the Clerk the filing or transfer of any case which might properly be consolidated with these consolidated actions.

6. This Order shall apply to each action that is subsequently filed in or transferred to this Court that arises out of or relates to the same facts and claims alleged in the complaints in the consolidated actions, unless a party objecting to the consolidation of such case or to any other provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is mailed to counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant the applications. The provisions of this Order shall apply to such an action pending the Court's ruling on the application.

7. Unless a Plaintiff in a subsequently filed or transferred case is permitted by the Court to utilize a separate complaint, defendants shall not be required to plead, answer, or otherwise move with respect to the complaint in any such case. If a plaintiff in any such case is permitted to utilize a separate complaint, each defendant shall have forty-five (45) days within which to answer, plead, or otherwise move with respect to any such complaint.

8. Every pleading filed in these consolidated actions shall bear the following caption:

```
-----------------------------------------------------------X
IN RE SUNBEAM SECURITIES LITIGATION   |   98-8258-CIV-MIDDLEBROOKS
-----------------------------------------------------------X
```

9. Unless otherwise stated, all pleadings will be deemed applicable to all of the consolidated actions.

10. When a paper is intended to be applicable to one or more, but not all, of the consolidated actions, this Court's docket number for each such action to which the pleading is intended to be applicable and the last name of the first named plaintiff therein shall appear immediately after the words "This Document Related To:" in the caption set forth *supra*.

11. Any and all previous Orders relating to scheduling or status reports under the provisions

of Local Rule 16.1 or 23.1 and/or Rule 16 of the Federal Rules of Civil Procedure in the abovementioned individual actions shall be stayed pending further Order of the Court, and any cases newly transferred to this Court pursuant to this Consolidation Order shall automatically have any previously established scheduling requirements so stayed.

12. Plaintiffs shall, on or before June 22, 1998, file any and all motions for or stipulations regarding selection of Lead Plaintiff(s) and Lead Counsel. To the extent possible, the Court encourages counsel to work together to arrive at a mutually acceptable selection of Lead Plaintiff(s) and Lead Counsel and to provide to this Court a proposed stipulation thereto. Said stipulation shall include the lead Plaintiff(s); the lead counsel; the organizational structure of lead counsel; and the duties and responsibilities of lead counsel.

13. Plaintiffs shall, no later than sixty (60) days from the date of entry of this Order, file an Amended and Consolidated Complaint with respect to the consolidated actions. The Amended and Consolidated Complaint shall supersede all complaints filed in any of the actions consolidated hereunder. Defendants shall not be required to respond to any complaints previously filed in these actions.

14. Within sixty (60) days from the date of this Order, the parties shall file a Joint Status Report. Said report shall include a proposed briefing schedule regarding the time that Defendants shall have to respond or to move with respect to the Amended and Consolidated Complaint; a proposed briefing schedule regarding any motion for class certification; and which draws to the attention of the Court any other matters regarding this action which will require its attention.

15. Service by Plaintiffs upon Defendants of all papers shall be made by hand delivery, facsimile, or overnight delivery. Service by Defendants upon Plaintiffs of all papers shall be made by hand delivery, facsimile, or overnight delivery. All pleadings submitted to this Court shall contain a service list with names, addresses, telephone numbers, fax numbers, and the party each counsel of record is representing for each counsel fo record, as well as self-addressed, stamped envelopes for each party to be served pursuant to the provisions of Local Rule 7.1.A.4.

16. This Order may be modified by the agreement of all of the parties to the consolidated actions or by the Court, on motion by any party, for good cause shown.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ____ day of June, 1998.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:
Richard Berman, Esq.
Robert Grady, Esq.
Thomas Allingham II, Esq.
Peter Rachman, Esq.
Jill Abrams, Esq.
Lawrence Klayman, Esq.
Jonathan Lerner, Esq.
Andrew Barroway, Esq.
Michael Pucillo, Esq.
Wendy Zoberman, Esq.
Robert Roseman, Esq.
Emily Komlossy, Esq.
Jeffrey Smith, Esq.
Robert Abrams, Esq.
Daniel Berger, Esq.
Barry Lax, Esq.
Mark Rosen, Esq.
Atlee Wampler, Esq.
Ricardo Banciella, Esq.
Jules Brody, Esq.
Michael Swick, Esq.
Steven Schulman, Esq.
Samuel Rudman, Esq.
Richard Bemporad, Esq.
Jeanne D'Esposito, Esq.
Marian Rosner, Esq.
Barbara Podell, Esq.
Howard Sedran, Esq.
Myron Harris, Esq.